PER CURIAM.
Secundino Diaz was charged by indictment with second degree murder. Upon entering a plea of guilty he was found guilty as charged. Before sentence was entered, however, defense counsel filed a motion to withdraw the guilty plea on the basis of newly discovered evidence, and to proceed with a jury trial. After entertaining defense counsel’s proffer of the newly discovered evidence, the court requested and heard the testimony of the newly discovered witness. The motion was denied and Diaz was sentence to 15 years in the state penitentiary. No appeal was taken from the judgment and sentence or from the denial of the motion to withdraw guilty plea.
Subsequently, defense counsel filed a motion to vacate the judgment and sentence pursuant to Rule 3.850, RCrP, on the basis that the State concealed from the court at the time of the taking of the guilty plea the fact that there was a possible defense to the charge. The motion alleges that this was a violation of Brady v. Mayland, 373 U.S. 83, 83 S.Ct. 1194, 10 L. Ed.2d 215, and the defendant’s right to due process. The trial judge denied the motion and this appeal ensued.
After having studied the record on appeal, we find that the evidence which the defendant claims the State withheld was not withheld, and was, in fact, adduced from State’s witnesses at the preliminary hearing some three weeks after the occurrence of the crime. The defendant’s contention that his constitutional rights were violated has not been demonstrated in the record on appeal. Accordingly, the order denying the motion to vacate judgment and sentence is
Affirmed.